Christian F. Benz and Frances Benz v. Commissioner.
Benz v. Comm'r
Docket No. 2972. United States Tax Court
1945 Tax Ct. Memo LEXIS 258; 4 T.C.M. (CCH) 344; T.C.M. (RIA) 45107; March 27, 1945
*258 John P. Cronin, C.P.A., for the petitioners. William F. Evans, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner has determined deficiencies of $25,042.96 in income tax for the taxable year 1939 and $17,912.91 in income and defense tax for 1940. In his determination for the taxable year 1939 the Commissioner included the sum of $56,793.90 as the fair market value of 1990 shares of stock received by petitioner in that year. At the hearing it was agreed and stipulated by the parties that the fair market value of the shares was $10,897.68, and this sum will be reflected in petitioner's income for the year 1939. For the taxable year 1940 the Commissioner determined that the petitioner was taxable on $49,623.07 received as royalties in that year. Petitioner concedes liability for tax upon the sum of $42,906.12 but disputes having received taxable income in the amount of $6,716.95. The questions before us for determination are whether petitioner is liable for tax on $21,393.86 in 1939 and $6,716.95 in 1940, both of which sums represent income under certain royalty contracts. Findings of Fact The petitioners, Christian *259 F. Benz and Frances Benz, husband and wife, reside at Tuckahoe, New York. Joint income tax returns on the cash receipts basis were filed with the collector of internal revenue for the 14th district of New York at Albany, New York, for the taxable years 1939 and 1940. Christian F. Benz, hereinafter referred to as petitioner, is a native of Germany and for a number of years prior to his coming to the United States in 1915, he was employed in Germany by J. M. Voith, a German partnership engaged in the manufacture of pulp and paper machinery, water turbines and other heavy machinery. He came to the United States as an employee of J. M. Voith, hereinafter referred to as the German partnership. Petitioner later became a United States Citizen. In 1922 the German partnership organized the American Voith Contact Co., a corporation, under the laws of New York. Petitioner became a director, treasurer and manager of that company, the general business of which was to develop, own and license the use of patents. While on a trip to Germany in 1939, the petitioner, as a reward for long and faithful service, was given by the German partnership a "Bill of Sale," which reads as follows: "For the *260 sum of $1. - to us in hand paid, and other valuable considerations the receipt of which is herewith acknowledged, we hereby sell, assign and transfer to Christian F. Benz, residing at 106 Chippewa Road, Tuckahoe, N. Y.
all our interest of whatever character in a certain agreement made between us and the S. Morgan Smith Co. of York, Pa., U.S.A. said agreement having been executed by S. Morgan Smith Co. and us at Heidenheim (Brenz) on September 12th, 1927; also all our interest of whatever character in a certain supplementary agreement having been executed at Heidenheim (Brenz) / York, Pa. by S. Morgan Smith Co. and us on Oktober 1st, 1930, and in a second supplementary agreement bearing date of February 18th, 1936. "In witness whereof we have signed this bill of sale at Heidenheim (Brenz), Germany, this 28th day of August 1939." The agreement referred to in the "Bill of Sale" is a contract between the German partnership and the S. Morgan Smith Co. of York, Pennsylvania, hereinafter referred to as the Smith Co., which was executed September 12, 1927 and supplemented on October 1, 1930 and February 18, 1936. The contract provides, among other things, for the payment of certain *261 royalties by the Smith Co. to the German partnership on all sales in the United States of certain types of equipment manufactured by the Smith Co. The American Voith Contact Co., for a number of years, had been the fiscal agent of the German partnership in this country and received all royalty statements and payments from the Smith Co. The Smith Co. was not notified of the "Bill of Sale" until early in 1940, at which time petitioner furnished them a copy of the assignment and returned several checks in order that they might be made payable to him. In the meantime the royalty statements and payments were received by the American Voith Contact Co. in the same manner as before the assignment. The accounting dates under the Voith-Smith Co. contract were February 1 and August 1 of each year. In 1939 petitioner received by transfer from the German partnership 1990 shares of the 2000 outstanding shares of American Voith Contact Co. stock. Of the remaining shares 2 were owned by petitioner, 2 were owned by Herman Voith, a member of the German partnership, and the remaining 6 were owned by Mrs. J. W. Van Gordon whose deceased husband had been counsel and secretary for several Voith corporations *262 prior to his death. Beginning September 1, 1939, the Smith Co. made royalty payments of $16,871.96 covering the royalties on sales made during the first six months of that year and made a further payment in the net amount of $4,521.90 covering sales made in 1933, 1934, 1935, 1936, 1937 and 1938. This latter payment reflects certain adjustments and represents amounts due on sales made in those earlier years. Total royalty payments received in 1939, after the date of the "Bill of Sale," amount to $21,393.86. The above payments were received by the American Voith Contact Co. and were deposited in that company's bank account, were entered in its cash book, and were entered upon its general ledger as a credit to the German partnership. The entire sum was paid over by the American Voith Contact Co. to the German partnership. Among the royalty payments received in 1940 there were three items, totaling $6,716.95, representing royalties on sales made July 7, July 18 and July 25, 1939. These payments were received as part of a larger sum in the amount of $10,729.99, which represented payment of all royalties for the last half of 1939. Petitioner deposited the entire sum in his personal *263 bank account. On April 23, 1940, the petitioner directed his bank to pay the German partnership the sum of $30,000. Said sum was paid and charged against petitioner's personal account with the bank. Of the $30,000 transmitted by petitioner to the German partnership, approximately $8,283.05 constituted the repayment of an indebtedness owed by petitioner to the firm and the sum of $6,716.95 represented payment to the firm of the royalties on sales which were made in July 1939. The balance of that remittance was a gift by petitioner to the German partnership. On January 6, 1941, petitioner assigned all his right, title and interest in and to the "Bill of Sale" to the American Voith Contact Co. Petitioner made the assignment because the corporation was in need of money and counsel had advised him to consolidate the two interests. The Smith Co. retained 10 per cent of the royalty payments here in question which amounts they transmitted directly to the collector of internal revenue. The petitioner treated the "Bill of Sale" as conveying to him only the royalties earned on sales made after the date of August 28, 1939, which was the date of the "Bill of Sale." All royalties earned *264 on sales prior to that date, irrespective of when paid, were paid over to the German partnership and petitioner received no income therefrom. Opinion ARUNDELL, Judge: Although the income in question was received in different taxable years, the determination as to petitioner's tax liability on both amounts depends upon the meaning of the "Bill of Sale". That instrument, executed in Germany, provides "we hereby sell, assign and transfer to * * * all our interest of whatever character in a certain agreement * * *." The respondent has taken the position that all royalties, irrespective of when earned, if paid after August 28, 1939, are taxable as income to petitioner. On the other hand, the petitioner contends that the instrument only conveyed royalties earned on sales made after August 28, 1939. The words "all our interest of whatever character in a certain agreement" are of doubtful meaning. They could refer to the various interests covered by the Voith-Smith contract which was a technical one involving a number of different situations from which royalty payments of varying percentages might arise. Given this meaning the instrument would operate to convey only the earnings accruing *265 subsequent to the date of its execution. In the alternative, the instrument could be construed as conveying the accrued but unpaid royalties in addition to those which might thereafter be earned. Where the language of a contract is of doubtful meaning, it is a widely accepted rule that the practical construction placed thereon by the parties is very relevant in determining the meaning. We think that rule is clearly applicable here. It is plain that the petitioner regarded the transaction as conveying only the royalties paid on sales made after the execution of the instrument. All of the royalties received in 1939 were in payment for sales made prior to August 28 of that year. These amounts were handled in exactly the same way as they were handled before the bill of sale was made. The statements and remittance were addressed to J. M. Voith and were received by the American Voith Contact Co. as agent. They were deposited to the bank account of the American Voith Co. and were entered upon the books as a credit to the German Voith Co. The account between the German partnership and the American Voith Co. was a running account and the money in question for 1939 was paid over to the *266 J. M. Voith Co. of Germany. The sum in question for 1940 also represented payment on sales made prior to the date of the bill of sale. While the sum in question was received as part of a larger sum, which included payments to which petitioner was entitled and was deposited by petitioner in his personal bank account, we have found that he paid over the sum of $6,716.95 to the German partnership and that he received no income therefrom. Petitioner did not notify the Smith Co. that the bill of sale had been executed until early in 1940. At that time royalties on sales made during the last half of 1939 were payable. Petitioner furnished the Smith Co. with a copy of the instrument and returned certain of the checks in order that they might be made payable to him. Certainly it would have been to petitioner's immediate financial advantage to have retained all sums paid after August 28, 1939 had he supposed he was entitled to them. Until the Smith Co. was notified to pay petitioner rather than the German partnership that company withheld 10 per cent of the payments due and remitted the money to the collector of internal revenue. Petitioner was not only a citizen of the United States *267 but was engaged in business here. No withholding was required from him. Hence, it appears that the sum withheld was for the account of the German company. In the circumstances we conclude that the petitioner is not taxable on the royalties earned prior to August 28, 1939. Decision will be entered under Rule 50.